Clement, Ch. J.
We are of opinion that the claim of the plaintiff is barred by the Statute of Limitations, and that, therefore, it is unnecessary to determine the other *718 questions in the case. It is an undisputed fact that the plaintiff redeemed the lands from the sales for assessments on the 14th day of August, 1874, and that this action was commenced by service of summons and complaint on December 19, 1885.
The liability of the defendant to return the money when the sales were redeemed arises on the contract contained in the certificates, and afi action upon a contract obligation, express or implied, is barred, after six years, by section 382 of the Code, subdivision 1, except where a demand is necessary, and in such cases, section 410 applies.
The money in this case was received by the city for the plaintiff, if we assume that she was, at the time of the redemption, the owner of the certificates (People ex rel. Robinson v. O’Keefe, 100 N. Y., 572), and an action at law, after a demand and refusal to pay, would lie against the city.
While the city may have held the money constructively as a trustee, it was not such a trust as would prevent the Statute of Limitations running. Kane v. Bloodgood, 7 J. Ch. R., 90, 110; Appeal of Yorks, 3 E. R., 387.
Subdivision 1 of section 410 of the Code provides “that where a right grows out of the receipt of the detention of money or property by an agent, trustee or attorney, or other person acting in a fiduciary capacity, the time must be computed from the time when the person having a right to make the demand has actual knowledge of the facts upon which that right depends.”
In this case, the plaintiff has actual knowledge of the facts upon which her right depended on August 14, 1874, when she redeemed her property.
The liability of the city to plaintiff did not arise because of the payment to Mr. Wheeler, but on the contract contained in the certificate, and if the defendant paid Mr. Wheeler wrongfully, such act gave plaintiff no cause of action.
It is, therefore, immaterial when plaintiff learned of the fact that the city had paid Mr. Wheeler.
The right of the plaintiff grows out of the receipt of money by a collecting agent and the time must be computed from August 14, 1874, when the plaintiff had actual knowledge of the facts, upon which that right depended.
It is claimed by the counsel for the appellant that she (plaintiff) could not demand payment of the money until she had found the lost certificates, which was in the year 1880 and within six years of the date of the commencement of this action.
We think the party cannot have an extension of the time *719 limited from the fact of the loss of the contract on which the claim arises.
In this case, if the plaintiff had brought her action within six years from the date she paid the money to the city, it might be (it could be fairly so claimed by the counsel for the city) that proof could have been obtained showing that Mr. Wheeler was the owner of the certificates and not the plaintiff.
It has been decided in the court of appeals that a party has a cause of action on certificates, even though they cannot be produced. Ayers v. The City of Brooklyn, 87 N. Y., 639.
It would not seem just that a person who holds certificates, should be barred six years from the date of redemption, but six years from the date the person has knowledge that the redemption has taken place. And this is the rule laid down by us in this case. See also Lyle Executrix v. Murray (4 Sand., 590); Bronson v. Munson (29 Hun, 54).
The city was not bound to notify plaintiff of the redemption, as no notice of the assignment had been filed.
There is no finding or proof in the case that any proceeding was ever taken by mandamus, and, therefore, section 405 of the Code has no application.
Judgment affirmed, with costs.
Osborne, J., concurs.